IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES DOUGLAS WILKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-045 |
| | ) | |
| ANDREW M. SAUL, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

James Douglas Wilkinson appeals the decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

## I.    BACKGROUND

Plaintiff protectively applied for SSI on May 18, 2015, alleging a disability onset date of February 1, 2014. Tr. ("R."), pp. 15, 186-97. Plaintiff was forty-eight years old at his alleged disability onset date and was fifty-three years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 66. Plaintiff applied for benefits based on allegations of bipolar disorder, depression, anxiety, knee arthritis, and a lumbar

herniated disc.  R. 66, 86, 212.  Plaintiff has an eleventh-grade education, and he has worked

as a carpenter, cabinet finisher, and sign cleaner.  R. 23, 213.

The Social Security Administration denied Plaintiff's application initially, R. 66-84, and

on reconsideration, R. 85-103.  Plaintiff requested a hearing before an ALJ, R. 122, and the ALJ

held a hearing on March 12, 2018.  R. 30-65.  At the hearing, the ALJ heard testimony from

Plaintiff, who was represented by counsel, as well as from James Waddington, a Vocational

Expert ("VE").  Id.  On July 27, 2018, the ALJ issued an unfavorable decision.  R. 15-24.

Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1.  The claimant has not engaged in substantial gainful activity since May 18, 2015, the application date (20 C.F.R. § 416.971 *et seq.*).

2.  The claimant has the following severe impairments:  degenerative disc disease; degenerative joint disease of knees bilaterally; multi-joint osteoarthritis, status post medical vehicle accidents; chronic obstructive pulmonary disease ("COPD"); depression; anxiety; history of cannabis and cocaine use disorder, in sustained remission (20 C.F.R. § 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4.  The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except he can do occasional balancing, stooping, kneeling, crouching, climbing ramps and stairs; no climbing ladders, ropes or scaffolds; no hazards such as unprotected heights and moving mechanical parts; occasional exposure to vibration, extreme temperatures, and pulmonary irritants such as dust, odors, gases, and fumes; occasional pushing/pulling, and operation of foot controls with both lower extremities.  Mentally, he can perform unskilled routine, repetitive tasks and instructions; can have occasional interaction with co-workers, supervisors, and the public; occasional changes in workplace environment/routine; and no assembly, fast-paced, high production quota work.  The claimant is unable to perform any past relevant work. (20 C.F.R. § 416.965).

5.      Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969, and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since May 18, 2015, the date the application was filed (20 C.F.R. § 416.920(g)).

R. 15-24.

When the Appeals Council denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ erred in relying on the jobs identified by the VE that Plaintiff could perform without addressing Plaintiff's objections and rebuttal evidence filed after the hearing but before the ALJ issued his written decision. See doc. no. 13 ("Pl.'s Br."); doc. no. 15 (Pl.'s Reply Br."). The Commissioner argues the ALJ was not required to expressly address Plaintiff's objections in his decision, and even if required to rule on Plaintiff's objections, Plaintiff has not shown prejudice warranting remand. See doc. no. 14. ("Comm'r's Br.").

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to

3

determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

III.    **DISCUSSION**

    **A.**    **The ALJ Properly Relied on the Jobs Identified by the VE and Did Not Err in Failing to Mention Plaintiff's Post-Hearing Objections in His Decision**

At step five, the burden shifts to the SSA "'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.'" Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  Once the SSA makes this showing, the burden reverts back to the claimant to prove they are unable to perform the jobs suggested by the SSA. Id.  "Although the burden temporarily shifts at step five, 'the overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant.'"  Id. (quoting Doughty v. Apfel, 245 F.3d 1274, 1280 11th Cir. 2001)).

In making the step five determination whether jobs exist in the national economy in significant numbers that the claimant could perform in spite of impairments, the ALJ may consider the testimony of the VE and data drawn from the Dictionary of Occupational Titles ("DOT"), of which the Social Security Administration takes notice.  Id. at 1360 (citing 20 C.F.R. § 416.966).  In relying on the testimony of a VE, the underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence.  McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.") (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).)  Further, the SSA "rel[ies] primarily on the DOT .

. . for information about the requirements of work in the national economy." Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at 2 (Dec. 4, 2000).

At the hearing, after overruling Plaintiff's objection that the VE was unqualified to opine concerning the number of jobs existing in the national economy, the ALJ's posed a hypothetical question based on the RFC finding for Plaintiff.  R. 56-60.  The VE opined Plaintiff, with such limitations, could not perform his past relevant jobs but could perform unskilled jobs available in the national economy for mail clerk (DOT 209.687-026), cleaner or housekeeping (DOT 322.687-014), night guard or night watch person (DOT 372.667-034), and bagger (DOT 920.687-018).  R. 58-59.  The VE clarified his selection of night guard, stating based on his experience of placing numerous people in that job it was an unskilled position.  R. 59.

One month after the hearing, Plaintiff filed a Post-Hearing Memorandum and Objections to the Vocational Witness's Testimony, which is the basis for Plaintiff's sole issue of remand here.  R. 299-206.  Included with the post-hearing filing was (1) current information from the United States Department of Labor's O*NET database demonstrating all of the jobs identified by the VE are currently being performed at the semi-skilled to skilled levels, rather than unskilled as the VE determined from the DOT; and (2) an affidavit by vocational expert Paula F. Santagati opining that a person such as Plaintiff who is limited to only occasional interaction with coworkers and supervisors is unable to work any job in the national economy because the worker cannot successfully navigate the probationary/training period.  R. 308-43.  The ALJ listed the post-hearing memorandum in his list of exhibits but did not discuss them in his decision, instead choosing to focus on the VE's job findings and the DOT.  R. 23-24, 27-28.

The Court finds the ALJ's implicit rejection of Plaintiff's post-hearing arguments without express discussion of them does not constitute error requiring remand.  Although the ALJ's

findings must be grounded in the entire record and Plaintiff has a right to challenge and present opposing evidence, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).  Instead, the Court reviews "whether the ALJ's conclusion as a whole was supported by substantial evidence in the record." Id. (citing Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir.1995); see also Barron, 924 F.2d at 230 (holding Commissioner's factual findings should be affirmed if substantial evidence supports them); Martin, 894 F.2d at 1529 (holding substantial evidence is "more than a scintilla, but less than a preponderance"); Crawford, 363 F.3d at 1158-59 (holding Commissioner's factual findings must be upheld if court finds substantial evidence to support even though preponderates in favor of claimant).  Citing these same bedrock principles, this Court previously held an ALJ committed no error by implicitly rejecting without discussion similar post-hearing evidence included in the ALJ's list of exhibits.  Gassler v. Berryhill, CV 418-102, 2019 WL 945972, at *2-3 (S.D. Ga. February 6, 2019), adopted by 2019 WL 938888 (Feb. 25, 2019)

Here, it is clear from the record the ALJ's step five decision is supported by substantial evidence.  Plaintiff is correct the ALJ's step five decision must be based on "reliable job information."  Even though the DOT may be outdated as Plaintiff strongly argues, he cannot escape that the Code of Federal Regulations and Social Security Rulings expressly list the DOT as a reliable source.  20 C.F.R. §§ 404.1566(d) and 416.966(d); see also Washington, 906 F. 3d at 1364-65 (emphasizing importance and reliability of DOT and stating "DOT is integral to disability hearings"); SSR 00-4p, 2000 WL 1898704, at 2.  Further, and perhaps more importantly, the VE's step five findings, adopted by the ALJ, do not rest solely on the DOT.  Instead, the VE based his testimony on the DOT, his background in vocational rehabilitation,

review of employment statistics, consultation with other vocational experts, and recent observations of workers performing the bagger job.  See R. 23-24, 59-63.  In addition, after the ALJ met his burden of showing there were jobs available in the national economy Plaintiff can perform, Plaintiff offered no evidence at the hearing showing Plaintiff was unable to perform the jobs found by the ALJ and VE under the DOT.  Thus, the Court finds the ALJ's step five decision is supported by substantial evidence.

The crux of Plaintiff's argument is that an ALJ commits error by relying on the DOT rather than the more current O*NET database.  However, as the Commissioner argues, the ALJ is not required to consider the O*NET database in making Social Security disability determinations.  See, e.g., Pickett v. Berryhill, 5:17-cv-01413-LSC, 2019 WL 968901, *4-6 (N.D. Ala. Feb. 28, 2019) (rejecting plaintiff's post-hearing argument ALJ should have relied on O*NET instead of DOT where ALJ relied on VE's testimony, which was based on both DOT and his own knowledge and experiences); Moon v. Colvin, No. 3:12cv1118–TFM, 2013 WL 6196001, *3-4 (M.D. Ala. Nov. 27, 2013) (rejecting argument VE must consider any conflict between VE's testimony and O*NET); Strickland v. Astrue, No. 2:10–cv–306–FtM–DNF, 2011 WL 4048985, *11-12 (M.D. Fla. Sept. 13, 2011) (rejecting argument ALJ should have followed job descriptions in O*NET over DOT).

As to the generalized and specious argument advanced in Ms. Santagati's affidavit, that no person assigned the limitation of occasional interactions with employees and supervisors could ever survive the initial probationary/training period of any job, none of her arguments are specific to Plaintiff's characteristics or the jobs identified for him by the VE.  See R. 308-09.  Nor could Ms. Santagati have made any specific arguments because she signed her affidavit years before the hearing in Plaintiff's case.  Id.  Nothing in her affidavit undermines the well-

8

founded and substantial evidentiary basis of the ALJ's decision, and the ALJ did not commit error worthy of remand by implicitly rejecting her affidavit without discussing it.

The four decisions on which Plaintiff primarily relies do not persuade the Court remand is appropriate.  Two of the decisions concern remand in the face of a VE's sole reliance on Skilltran, a commercial database never mentioned as a reliable source in Social Security regulations.  See Smeed v. Comm'r of Soc. Sec., No: 2:16–cv–489–FtM–MRM, 2017 WL 4251094 (M.D. Fla. Sept. 26, 2017); Hancock v. Comm'r of Soc. Sec., No. 6:15-cv-206-Orl-DNF, 2016 WL 4927642 (M.D. Fla. Sept. 16, 2016).  The two remaining decisions remand cases for consideration of O*NET information that conflicts with the admittedly older DOT.   Sams v. Berryhill, No. 1:17cv15-CAS, 2017 WL 3974239 (N.D. Fla. Sept. 8, 2017); Prince v. Berryhill, No. 0:17-cv-61255-DLB (S.D. Fla. Jun. 21, 2018).  The Court finds Gassler more persuasive, which rejected remand despite an apparent conflict between O*NET and the DOT because (1) the DOT is still a reliable source under Social Security regulations; (2) the VE's testimony constitutes substantial evidence when based on the DOT and the VE's professional experience; and (3) the plaintiff's remand request is, at bottom, an improper request for this Court to reweigh the evidence, which it cannot do.  2019 WL 945972, at *2-4; see also Parrott v. Saul, NO. 5:18-cv-01294-KOB, 2019 WL 4600054, *11-12 (N.D. Ala. Sept. 23, 2019) (holding ALJ was not required to address post-hearing objection concerning O*NET job descriptions that conflicted with VE's testimony because ALJ's decision was  supported by substantial evidence by relying on DOT, VE's expertise and experience, and other acceptable sources).

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 5th day of June, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA